MCGUIREWOODS LLP
GREGORY EVANS (CA SBN 147623)
*Pro Hac Vice*
KEOLA R. WHITTAKER (CA SBN 290640)
*Pro Hac Vice*
Wells Fargo Center
South Tower
355 South Grand Avenue
Suite 4200
Los Angeles, California 90071
Telephone: (213) 627-2268
Facsimile: (213) 627-2579
Email: gevans@mcguirewoods.com
Email: kwhittaker@mcguirewoods.com

Attorneys for Respondent SOUTHERN COPPER CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALBERTO SALCIDO-ROMO, *et al.*, <br><br>Applicants, <br><br>vs. <br><br>SOUTHERN COPPER CORPORATION, <br><br>Respondent. | CASE NO. CV-16-01639-PHX-DLR <br><br>**SOUTHERN COPPER CORPORATION'S RESPONSE TO COURT ORDER** |

Southern Copper Corporation ("SCC") submits this Response to this Court's Order dated June 10, 2016 (the "Order"). In the Order, this Court ordered the parties to "meet and confer regarding the production of responsive ESI, and submit to the Court a joint proposed Document Request and a joint proposed 30(b)(6) Notice that are territorially limited [to the United States]." (Order at 7.) Despite a good faith effort to meet and confer, the parties have been unable to agree to the terms of the proposed discovery, necessitating this separate Response.

## BACKGROUND

On April 11, 2016, Petitioners filed a petition seeking an order permitting them to serve SCC with discovery pursuant to 28 U.S.C. § 1782 to support allegations Petitioners made in certain litigation they are planning to file in Mexican court. (Dkt.1). SCC opposed the petition, asserting that Petitioners' requests fail to satisfy the four discretionary factors set forth by the Supreme Court in *Intel Corp .v Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Those factors are: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the character of the proceedings underway abroad and the receptivity of the foreign government or the court or agency abroad to the U.S. federal-court judicial assistance; (3) whether the Section 1782 application contains unduly intrusive or burdensome requests. (Dkt.12 at 4-16 (citing *Intel*, 542 U.S at 264-66)).

The Court heard oral argument on May 26, 2016.  At oral argument, SCC's attorney, Gregory Evans, argued that the Petition should be denied because the *Intel* factors all weighed against granting discovery.  Specifically, Mr. Evans argued that it was clear that Petitioners were attempting to circumvent Mexican discovery procedures because the documents and information Petitioners requested are located in Mexico and pertain to a separately managed and controlled subsidiary company to SCC.  (Oral Argument Tr., at 20-21.)  Mr. Evans also argued that the requests were unduly intrusive and burdensome because they would require SCC to obtain documents from its Mexican subsidiaries, process them in the United States, produce them in the United States, only to have them sent back to Mexico.  (*Id.* at 22-25.)

Nevertheless, in an effort to avoid continued litigation on the matter, Mr. Evans offered the following compromise:

> I would be willing to stipulate on behalf of Southern Copper Corporation that, following a narrowing of the scope of these requests to deal with privilege and overbreath, that Southern Copper Corporation would produce responsive documents within its possession.
> . . .
> [By possession I mean it] either has physical access to the documents or electronic access within the Southern Copper Corporation systems.  In other words, it is not going to be required to reach down to any of the subsidiaries in Mexico.

(*Id.* at 32.)

On June 10, 2016, the Court issued the Order holding that it was exercising its discretionary authority under Section 1782 to forbid the discovery of materials held outside of the United States by SCC's subsidiary company.  In addition, the Court held that the third and fourth *Intel* factors weighed against granting any discovery in this matter.  (Order at 6.)  The Court nevertheless allowed for limited discovery.  Specifically,

2

Petitioners were permitted to seek documents "readily available to SCC employees in the United States" and ordered the parties to compromise on the scope of electronically stored information ("ESI") discovery. (*Id.*). (Order at 7.)

On June 14, 2016, Petitioners sent SCC proposed amended discovery requests (the "Proposed Demands") including an entirely new, expanded list of demands exceeding the clear directions of the Order. This new list of demands also violates a privilege and adds substantially to SCC's cost and burden. (Declaration of Keola R. Whittaker ("Whittaker Decl." ¶ 5, Ex. B at 6). Petitioners' refusal to respect the clearly announced limits of the Order is at the core of this dispute. Petitioners will not refrain from using the 28 U.S.C. § 1782 process as a way to hunt for suspected, potential information from a United States company separately operated and managed from the target of their supposed litigation, a Mexican company.

*Illustrative Examples of Petitioners' Effort to Expand the Order -*

In Section 4 of the Proposed Demands, Petitioners want SCC to provide them with "an asset inventory of all hardware used by SCC's employees in the United States to access or store electronic information." Petitioners demand that a list be compiled listing all SCC "desktop computers, laptops, mobile phones, tablets, network-attached storage or backup servers in the United States." (*Id.*) These demands demonstrate the Petitioners' disobedience with the Order and validate what SCC has argued all along – Petitioners are using the 28 U.S.C. § 1782 process inappropriately.

As another example of this abuse, Petitioners even demand that SCC generate and provide a "network map" of SCC's entire electronic storage system. (*Id.*) None of these additional requirements were in the document requests submitted to this Court with the original Petition. (*See* Dkt.1).

In a continued effort to compromise, SCC suggested that discovery be limited to electronic searches of e-mails and computers of SCC U.S.-based document custodians that may reasonably have possession of responsive documents. (Whittaker Decl. ¶ 4, Ex. A at 2.) Petitioners did not agree to SCC's suggested limits necessitating this Response.

## ARGUMENT

The Order only grants discovery of materials located in the United States. (Order at 7.) The Order is unambiguous on this point. The Court "agree[ed]" with SCC that the "discovery requests are unduly burdensome to the extent they require SCC to obtain materials possessed by its foreign subsidiaries for production in the United States." (Order at 6.) The Order therefore limited discovery to documents "readily accessible to SCC employees in the United States." (*Id.* at 7.) The Court asked the parties to determine the best way to draw limits on the production of ESI.

Recent Section 1782 case law suggests that the statute does not permit production of ESI located outside the United States even if such materials are accessible through computer systems located within the United States. *See, e.g.*, *In re Kreke Immobilien*, 2013 WL 5966916, at *3 (S.D.N.Y. Nov. 8, 2013) ("Given that . . . all electronic documents are accessible just as easily from Germany as from Deutche Bank's offices in New York, the connection to the United States is slight at best and the likelihood of

interfering with [foreign] discovery policy is substantial."); *In re Fischer Advanced Composite Corporation AG*, S.A. No. C08-1512RSM, 2008 WL 5210839, at *3 (W.D. Wash. Dec. 11, 2008) ("It would be burdensome and duplicative to require [a U.S. company [to produce the very same emails that [the foreign company] will have to produce"). For example, in *In re Grupo Unidos Por El Canal, S.A*., No. 14-MC-00226-MSK-KMT, 2015 WL 1810135, at *10 (D. Colo. Apr. 17, 2015), the court noted that permitting the production of electronic documents that "are accessible just as easily in Panama as from the parent company in the United States" would be "outside the reach of the statue."

Petitioners' Proposed Demands require production of materials held outside the United States, which is inconsistent with this Court's Order and recent Section 1782 case law. For example, the Proposed Demands make no distinction between e-mail accounts of employees of SCC's Mexican subsidiaries and e-mail accounts of SCC's U.S. employees. Instead, Petitioners demand that SCC both catalog all of its hardware and provide a complete map of its electronic storage system, an unprecedented request under Section 1782, and not part of Petitioners' original request to this Court. Petitioners also demand that SCC conduct a wide-ranging search of its ESI to include documents and e-mail of employees of SCC's *subsidiary companies* located *outside the United States*. The production of such documents would include e-mails and documents no U.S.-based SCC employee has ever sent, received, or even seen. That is not what the Order contemplates; the Proposed Demands are more burdensome than the original demands.

SCC's suggested discovery requests, attached as Exhibits C and D to the Whittaker Declaration, are consistent with this Court's Order. SCC proposes to search the e-mail systems and computers of the U.S.-based SCC employees that may reasonably hold documents responsive to the discovery demands. This proposed limited discovery will ensure that production is limited to documents that may not be available to Petitioners in Mexico. It also ensures that SCC is not required to conduct a broad and expensive search for documents for litigation in which it is not a party.[1]

**CONCLUSION**

This Court's Order does not permit the production of documents located outside the United States yet Petitioners' Proposed Demands require the production of ESI located in Mexico. The Court's Order does not require SCC to map its technology systems and to inventory its computers and phones yet Petitioners' Proposed Demands seek to require this type of inventory and discovery. Petitioners' obvious overreach validates SCC's argument against the use of 28 U.S.C. § 1782 by these Petitioners in this matter. What SCC warned of in its pleadings and during oral argument has come to pass. Accordingly, SCC respectfully requests that the Court deny all discovery requested by Petitioners. Alternatively Petitioners should only be allowed to the discovery identified in Exhibits C and D attached to the Whittaker Declaration, submitted with this Response.

---

[1] SCC reserves its right to object to the discovery requests withhold documents from production based on attorney-client privilege, the work-product doctrine, and other applicable privileges.

6

| | |
|---|---|
| 1    DATED: June 17, 2016 | MCGUIREWOODS LLP |
| 2 | By: /s/ Gregory Evans |
| 3 | GREGORY EVANS |
| | KEOLA R. WHITTAKER |
| 4 | Wells Fargo Center |
| | South Tower |
| 5 | 355 South Grand Avenue |
| 6 | Suite 4200 |
| | Los Angeles, California 90071 |
| 7 | Telephone: (213) 627-2268 |
| 8 | Facsimile: (213) 627-2579 |
| | E-mail: gevans@mcguirewoods.com |
| 9 | E-mail: kwhittaker@mcguirewoods.com |
| 10 | Attorneys for Respondent SOUTHERN COPPER |
| 11 | CORPORATION |

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Christopher Benoit
The Law Office of Lynn Coyle, P.L.L.C.
2515 N. Stanton Street
El Paso, Texas 79902
chris@coylefirm.com

Marco Simons
Earthrights International
1612 K Street N.W., Suite 401
Washington, DC 20006
marco@earthrights.org

/s/ Gregory Evans
Gregory Evans