THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
Christopher Benoit (pro hac vice)
Texas Bar. No. 24068653
chris@coylefirm.com
2515 N. Stanton Street
El Paso, Texas 79902
(915) 532-5544
(915) 532-5566 Facsimile

EARTHRIGHTS INTERNATIONAL
Marco Simons (pro hac vice)
D.C. Bar No. 492713
marco@earthrights.org
1612 K Street N.W., Suite 401
Washington, DC 20006
(202) 466-5188
(202) 466-5189 Facsimile

*Attorneys for Applicants Alberto Salcido Romo, Francisco Ramón Miranda, Francisca Garcia Enriquez, and Oscar Ramírez Gamez*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Salcido Romo, *et al.*, <br><br> Applicants, <br><br> vs. <br><br> Southern Copper Corporation., <br><br> Respondent. | **Case No. 2:16-cv-01639-DLR** <br><br> **APPLICANTS' NOTICE OF PARTIES' MEET AND CONFER CONFERENCE** |

Applicants, pursuant to the Court's Order of June 10, 2016 [Doc. 18], hereby provide their amended requests for production ("RFP") and notice of deposition ("NOD"). Applicants also inform the Court that, despite the parties' effort to meet and confer, they have been unable to reach an agreement regarding the content of the amended RFPs and NOD. As such, they have agreed to submit separate RFPs and NODs to the Court.

During the parties' meet and confer, Applicants provided Respondent with draft proposed RFPs and the NOD. Respondent insisted on an unreasonably cramped definition of which ESI documents are "readily accessible" to U.S.-based SCC employees. Respondent has also refused to heed the Court's Order to create a mechanism by which the Court and Applicants may better understand which electronic systems are accessible to SCC's employees in the United States. Applicants have integrated some of Respondent's changes into their proposed RFPs and NOD which are explained below. Nonetheless, Respondent's definition of "readily accessible" is restrictive beyond anything discussed in oral argument, the Court's Order, or the law.

The Court, in its June 10 Order, limited the Application to documents that are territorially in the United States and, in the case of electronically stored information ("ESI"), documents that are "readily accessible" to employees in the U.S. The Court appeared to do so acknowledging the burden of seeking documents that would be shipped to the United States from Mexico while also acknowledging the unique nature of ESI. The Court acknowledged Applicants' suggestion during oral argument, made in the alternative, that the Requests -- insofar as they pertain to ESI -- be limited to information that is "readily

accessible" to Southern Copper Corporation ("SCC") employees in the United States.

Given the Court's (and Applicants') limited knowledge of Respondent's electronic storage and "accessibility capability," the Order sought clarification and agreement by the parties regarding the ready accessibility of documents within SCC's electronic framework.

In crafting a request that addresses the Court's concerns, Applicants have drafted requests that -- for non-ESI documents -- seek only documents in SCC's possession and within the U.S and restrict ESI document production to that which is readily accessible to SCC employees "present in the United States of America." *See* Ex. A, Proposed Amd. Reqs' for Prod., p. 9 (defining "Possession, Custody, and Control").

Regarding ESI, Applicants attempt to allay the concerns of the Court that the parties lack information regarding Respondent's ESI capabilities. *Id.* at p. 6, Section 4. This procedure will clarify for the Court and parties that the information sought is readily accessible within a common understanding of the term.[1] It does so in a manner no more burdensome than parties' regular obligation in a litigation context under Fed. R. Civ. P. 26(a) which requires disclosure of location of relevant ESI documentation.[2] [3]

---

[1] Nor is such a procedure anathema to regular discovery practice. *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.,* No. 09-CV-11783, 2011 U.S. Dist. LEXIS 16022, at *2 (E.D. Mich. Feb. 17, 2011) (requiring the producing party to "identify sources of ESI that hasn't been searched because the sources are not reasonably accessible, the reasons for its contention that the ESI is not reasonably accessible without undue cost and effort, and the anticipated costs and effort involved in retrieving that ESI.").

[2] Respondent's counsel also indicated during the meet and confer call that he did not foresee any objections to Instructions Nos. 1-3 which were added for clarity regarding the manner in which ESI will be delivered. Respondent has since insisted on limited language for Instructions Nos. 2 and 3. Applicants have accepted some of Respondent's changes to these sections in the attached RFPs, but believe that the remaining Instructions are firmly within Respondent's obligations under Fed. R. Civ. P. 34.

[3] Appointment of a special master by the Court would also address the Court's

Applicants' suggested language merely asks that Respondent conduct searches of ESI that are readily accessible from their employees' computers within the United States. As mentioned during oral argument, in the briefing, and acknowledged by the Court in its Order, ESI cannot be viewed in a lens of location but rather by the "practical ability to obtain" the documents. *In re Bloomfield Investment Corp,* 2016 WL 862676, at *3 (S.D.N.Y. Feb. 25, 2016) (internal citations omitted). *See also Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* 2010 WL 3173785, at *7 (E.D.N.Y. Aug. 11, 2010) (finding that a parties' "exclusive and complete access to [ESI] documents" -- irrespective of where they are located -- imposes an obligation on the party to search those files.).

Case law also demonstrates that the term "readily accessible" routinely means those documents that are available through a computer system in the ordinary course of operation. *See, e.g., Derum v. Saks & Co.,* 95 F.Supp. 3d 1221, 1225 (S.D. Cal. 2015) (electronic wage statements were "readily accessible to Plaintiff through the company's ESS website"); *N.Star Int'l Trucks, Inc. v. Navistar, Inc.,* 27-CV-10-511, 2010 Minn. Dist. LEXIS 267, at *60-63 (Minn. Dist. Ct. Sep. 29, 2010) (finding that information was "readily accessible" when a business had access to the information through a "password-protected website"); *Nissan N. Am., Inc.,* No. 09-CV-11783, 2011 U.S. Dist. LEXIS 16022, at *7-8 (finding that "readily accessible" is synonymous to "reasonably accessible" under Fed. R. Civ. P. 26(b)(2)(B)). "Documents are reasonably accessible when they '"include files available <u>on or from</u> a computer user's desktop, or on a company's network, in the ordinary course of operation."' *Chen-Oster v. Goldman Sachs & Co.,* 285 F.R.D. 294, 302 (S.D.N.Y. 2012), citing The Sedona

---

concern. Applicants have not proposed such an appointment, however, because the cost would be burdensome for Applicants -- who have extremely limited resources.

4

Conference, *The Sedona Principles, Second Edition: Best Practices Recommendations & Principles for Addressing Electronic Document Production*, Comment 2.c. at 42 (2007 Annotated Version) (emphasis added).

Respondent overly limits its definition of "readily accessible" to only those documents that exist on U.S. servers or which were sent, received, or produced by SCC's U.S. employees. No such limited restriction was discussed during oral argument, raised in briefing, nor is it found in the law.

For these reasons, Applicants respectfully request that the Court accept the attached RFPs and NOD for purposes of this 28 U.S.C. § 1782 application.

**RESPECTFULLY SUBMITTED this 17th day of June 2016.**

/s/ Christopher Benoit
Christopher Benoit, Esq.
THE LAW OFFICE OF LYNN COYLE, PLLC
Marco Simons, Esq.
EARTHRIGHTS INTERNATIONAL

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 17th day of June, 2016, I electronically transmitted the attached document to counsel for Respondent, Gregory Evans and Keola Whittaker, using the CM/ECF.

/s/ Christopher Benoit
Christopher Benoit