# EXHIBIT
# B

MCGUIREWOODS LLP
GREGORY EVANS (CA SBN 147623)
*Pro Hac Vice*
KEOLA R. WHITTAKER (CA SBN 290640)
*Pro Hac Vice*
Wells Fargo Center
South Tower
355 South Grand Avenue
Suite 4200
Los Angeles, California 90071
Telephone:  (213) 627-2268
Facsimile:   (213) 627-2579
Email: gevans@mcguirewoods.com
Email: kwhittaker@mcguirewoods.com

Attorneys for Respondent SOUTHERN COPPER CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALBERTO SALCIDO-ROMO, *et al.*, | CASE NO. CV-16-01639-PHX-DLR |
| Applicants, | **SOUTHERN COPPER CORPORATION'S RESPONSE TO APPLICANTS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| SOUTHERN COPPER CORPORATION, | |
| Respondent. | |

Pursuant to the Federal Rules of Civil Procedure; 28 U.S. Code § 1782 ("Section 1782"); and this Court's orders, Respondent Southern Copper Corporation ("SCC") hereby provides its responses to Applicants' Requests for Production of Documents (the "Requests").

## INTRODUCTION

SCC provides the following response to Applicants' Requests for Production of Documents.  The following responses are based upon SCC's exercise of reasonable diligence in its search for responsive documents.  The responses contained herein are based on SCC's current information, investigation, understanding, and belief.  SCC reserves the right to conduct additional discovery and to supplement these responses as necessary or appropriate.

## OBJECTIONS TO APPLICANTS' INSTRUCTIONS AND DEFINITIONS

SCC offers the following objections:

1.       SCC objects to the Instructions to the extent they require SCC to conduct searches of electronically stored information that are beyond the requirements of the Federal Rules of Civil Procedure, Section 1782, and orders issued by this Court.

2.       SCC objects to Instruction 3.1 to the extent it requires the production of documents requested be produced in the same file or other organizational environment in which they are maintained.  Rule 34(b) allows a party to produce "documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request."

3.       SCC objects to Instruction 4.1 on the basis that it requires SCC to disclose proprietary and/or confidential business information of SCC and its related companies.  This Court's Order of June 10, 2016 [Doc. 18] does not require the disclosure of the parameters of SCC's search or information regarding SCC's electronic storage system.

4.	SCC objects to Instruction 4.1 on the basis that it imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

5.	SCC objects to the definition of "Document" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

6.	SCC objects to the definition of "Mexican Government" on the grounds that it is vague, ambiguous, and overly broad and requires SCC to identify Mexican government officials or offices, and is therefore unduly burdensome.

7.	SCC objects to the definition of "Policy" as overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence because it requires a time-consuming and burdensome investigation into the unwritten and informal policies and guidelines of other companies.  SCC will construe the term to mean written rules, regulations, or contracts.

8.	Pursuant to this Court's orders, SCC defines "SCC Employee" as any SCC employee that has his or her primary employment address in the United States of America.

9.	SCC objects to the definition of "Possession, Custody or Control" to the extent that it requires the production of electronically stored information that was not sent, received, produced, modified, or created by an SCC Employee in the United States of America.  On June 29, 2016, this Court issued a Minute Entry in which it ruled that "'readily accessible' electronically stored documents include those sent, received, produced, opened or accessed by an SCC employee."  Because it is not possible to determine whether an SCC Employee opened or accessed a document on SCC's electronic system unless such employee modified or created the document, SCC will construe "Possession, Custody or Control" to mean any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee.  SCC further objects to the definition of "Possession, Custody

2

or Control" to the extent it requires the production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of SCC. Such documents are not within the possession, custody, or control of SCC.

10. SCC objects to the definition of "Related to" and "Relating to" as so broad as to render the term practically meaningless. Gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance. SCC will construe the terms to mean "have a connection with."

11. SCC objects to each definition, instruction, and document request, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by SCC occur, it is inadvertent and shall not constitute a waiver of any privilege.

## RESPONSES TO REQUESTS FOR PRODUCTION

**INTRODUCTORY STATEMENT**

Please produce the following documents, in your possession, custody or control, for the period from August 6, 2010 to the present. This includes all policies, procedures, rules, guidelines, suggestions, contracts, agreements or standards that were operative on August 6, 2014, irrespective of when they were drafted:

**RESPONSE TO INTRODUCTORY STATEMENT:**

SCC objects to this introductory statement as vague and ambiguous because it relies on the undefined terms "policies," "procedures," "rules," "guidelines," "suggestions," "contracts," "agreements," and "standards." SCC further objects to this introductory statement on the grounds that it is unduly burdensome and oppressive because it requires SCC to determine what policies, procedures, rules, guidelines, suggestions, contracts, agreements or standards were operative on August 6, 2014 at other companies.

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to a Dangerous Waste Management Plan (Plan de Manejo de Residuos de la Industria Minero-Metalfugica) for BVC, including any communications with the Mexican Government or any Person regarding such a Plan. This request includes, but is not limited to, any studies connected to a Dangerous Waste Management Plan, and all drafts of any Dangerous Waste Management Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "Dangerous Waste Management Plan (Plan de Manejo de Residuos de la Industria Minero-Metalfugica)" and "studies." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this request to the extent documents responsive to this Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored

4

information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to an Environmental Remediation Plan (Programa de Remediaci6n Ambiental) to address the effects of the Spill, including any communications with the Mexican Government or any Person regarding such a Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "Environmental Remediation Plan (Programa de Remediaci6n Ambiental)." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored

5

information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to water quality testing in areas affected by the Spill, including any communications with the Mexican Government or any Person regarding such testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "water quality testing." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

## REQUEST FOR PRODUCTION NO. 4:

All documents relating to consultation that SCC or its subsidiaries had with communities or municipal leaders within 200 kilometers of the BVC Mine regarding its plans to construct the SX-EW III Plant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

SCC incorporates by reference its Objections set forth above.  SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America.  SCC has no obligation to produce any such records.  SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine.  SCC further objects to this request as vague and ambiguous and unduly burdensome, overly broad and oppressive to the extent it requires an investigation into the names and identities of "communities" and "municipal leaders" within 200 kilometers of the BVC Mine.  To comply with the request would be an undue burden and expense because it would require a time-consuming and expensive investigation into what areas in Mexico are located within 200 kilometers of the BVC mine.  This Request violates Federal Rules of Civil Procedure Rule 34(b), which requires Applicants to "describe with reasonable particularity" the category of items to be produced.  SCC further objects to this request as vague and ambiguous because it relies on the undefined term "consultation."  SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated.  SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America.  SCC further objects to this request to the extent documents responsive to this

Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

**REQUEST FOR PRODUCTION NO. 5:**

Any documents related to a trust fund (fideicomiso) established with the purpose of supporting remedial action and providing compensation to those adversely affected by the Spill.[1] This Request includes, but is not limited to, information regarding: (1) any distribution of funds from the trust fund; (2) communications with the Mexican Government or any Person regarding the trust fund; (3) communications with communities in the Sonora River basin or civil society groups; (4) the medical unit located in Ures, Sonora; (5) remediation plans created as a part of the trust fund; (6) measurements of water, sediments and soil that were used as part of the creation of the trust fund; and (7) decisions regarding which communities or political entities should receive fund distributions and the reasons underlying these decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "remediation plans," "medical unit," "trust fund (fideicomiso)," "Measurements of water, sediments and soil," "decisions," "communities," "political entities," and "reasons underlying these decisions." SCC further objects to this

---

[1] The trust fund is described, among other places, in SCC's SEC Form 10-K for the fiscal year ended December 31, 2014.

Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 6:**

Any documents relating to permits, authorizations, or approvals for activities at the BVC Mine sought from the Mexican Government, whether or not ultimately received, including any communications with the Mexican Government or any Person regarding such permits, authorizations, or approvals. This Request is limited to the period beginning in 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and

ambiguous because it relies on the undefined terms "permits," "authorizations," "approvals." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 7:**

Any documents relating to contracts, licenses, easements, or other authorizations obtained from any local ejido for the benefit of the operation of the BVC Mine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "contracts," "licenses," "easements," and "authorizations." SCC further objects to this Request on the grounds that it is unduly

burdensome and oppressive because it requires SCC to investigate how Mexican law defines licenses, easements, or "other authorizations." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this request to the extent documents responsive to this Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 8:**

Any documents relating to environmental or ecological testing, evaluations, assessments, or analyses of the BVC Mine or any area within a 200 kilometer radius of the BVC Mine, including any communications with the Mexican Government or any Person regarding such evaluations or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and

ambiguous and unduly burdensome, overly broad and oppressive to the extent it requires an investigation into what areas are within a 200 kilometer radius of the BVC Mine. To comply with the request would be an undue burden and expense. SCC will only produce documents responsive to this Request that are in connection with the BVC Mine, and will not conduct an independent investigation into what areas are within a 200 kilometer radius of the BVC Mine. This Request violates Federal Rules of Civil Procedure Rule 34(b), which requires Applicants to "describe with reasonable particularity" the category of items to be produced. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "ecological testing," "evaluations," "assessments," and "analyses." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 9:**

Any documents relating to investigations, evaluations, assessments, or analyses of the cause or causes of the Spill, including any communications with the Mexican Government or any Person regarding such investigations, evaluations, or analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "investigations," "evaluations," "assessments," and "analyses." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents relating to investigations, evaluations, assessments, or analyses of environmental or ecological damage caused by the Spill, including any communications with the Mexican Government or any Person regarding such investigations, evaluations, or analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "investigations," "evaluations," "assessments," "analyses," "ecological damage," and "environmental [damage]." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this request to the extent documents responsive to this Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 11:**

Any documents, including but not limited to, correspondence or meeting minutes of SCC, regarding permits, construction, and operation of the Tinajas I and II leaching ponds located at the SX-EW III plant in the BVC mine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "permits," "construction," "operations," and "leaching ponds." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this request to the extent documents responsive to this Request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

**REQUEST FOR PRODUCTION NO. 12:**

Any documents, including but not limited to, correspondence, meeting minutes, or studies conducted by SCC related to environmental or ecological testing, evaluations, assessments, or analyses of the land upon which Tinajas I and II leaching ponds located at the SX-EW III plant in the BVC mine were constructed. This request is limited to the period January 1, 2011 to August 6, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "evaluations," "assessments," "analyses," "ecological testing," and "environmental [testing]." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored

16

information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from January 1, 2011 to August 6, 2014.

**REQUEST FOR PRODUCTION NO. 13:**

Any documents, including but not limited to, communication or reports relating to a risk analysis conducted by SCC or its subsidiaries prior to the August 6, 2014 Spill of potential risks resulting from the SX-EW III Plant construction or the Tinajas I and II leaching pond. "Risk analysis" for purposes of this Request means: (1) analysis of liability resulting from operation of the Plant and Tinajas I and II; and (2) insurance products or contingency plans for insurance related to construction and operation of the Plant and Tinajas I and II.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

SCC incorporates by reference its Objections set forth above. SCC objects to this Request to the extent it seeks documents or electronically stored information located outside the United States of America. SCC has no obligation to produce any such records. SCC objects to this Request to the extent it seeks disclosure of information protected under the attorney-client privilege or the work-product doctrine. SCC further objects to this request as vague and ambiguous because it relies on the undefined terms "potential risks," "insurance products," and "contingency plans." SCC further objects to this Request on the grounds that it is unduly burdensome and oppressive because it requires SCC to investigate activities and communications in which no SCC Employee in the United States of America participated. SCC further objects on the grounds that this Request requires the production of communications that do not involve any SCC Employees located in the United States of America. SCC further objects to this Request to the extent documents responsive to this request are duplicative of documents located in Mexico and within the jurisdiction of Mexican courts.

Subject to and without waiving its objections, SCC will produce all non-privileged documents that are responsive to this Request that are located after a reasonable search of SCC's physical documents located in the United States of America, as well as any electronically stored information sent from, received in, produced in, modified in, or created in the United States of America by any SCC Employee from August 6, 2010 to April 11, 2016.

DATED: August 2, 2016          MCGUIREWOODS LLP

By: _____
GREGORY EVANS
KEOLA R. WHITTAKER
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone: (213) 627-2268
Facsimile: (213) 627-2579
E-mail: gevans@mcguirewoods.com
E-mail: kwhittaker@mcguirewoods.com

Attorneys for Respondent SOUTHERN COPPER
CORPORATION

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my electronic notification address is kghalambor@mcguirewoods.com.

On August 2, 2016, I served electronically the foregoing document(s) described as SOUTHERN COPPER CORPORATION'S RESPONSE TO APPLICANTS' REQUEST FOR PRODUCTION OF DOCUMENTS addressed as follows:

Christopher Benoit
The Law Office of Lynn Coyle, P.L.L.C.
2515 N. Stanton Street
El Paso, Texas 79902
chris@coylefirm.com

Marco Simons
Earthrights International
1612 K Street N.W., Suite 401
Washington, DC 20006
marco@earthrights.org

X___ **(BY ELECTRONIC TRANSMISSION)** The document was served electronically and the transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 2, 2016 at Los Angeles, California.

K. GHALAMBOR_____          _____
Type or Print Name                                                Signature

## PROOF OF SERVICE BY OVERNIGHT/PRIORITY DELIVERY

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 355 S. Grand Avenue, Suite 4200, Los Angeles, CA 90071.

      On August 2, 2016, I served the foregoing document(s) described as SOUTHERN COPPER CORPORATION'S RESPONSE TO APPLICANTS' REQUEST FOR PRODUCTION OF DOCUMENTS on the interested parties in this action:

 X   by placing ___ the original  X  a true copy thereof enclosed in sealed envelopes addressed as follows:

Christopher Benoit
The Law Office of Lynn Coyle, P.L.L.C.
2515 N. Stanton Street
El Paso, Texas 79902

Marco Simons
Earthrights International
1612 K Street N.W., Suite 401
Washington, DC 20006

X   **(BY FEDERAL EXPRESS)** Following ordinary business practices at the Los Angeles, California office of McGuireWoods LLP, I placed the sealed envelope(s) for collection and retrieval by Federal Express on that same day. I am readily familiar with the firm's practice for collection and processing of correspondence for retrieval by Federal Express. Under that practice, such correspondence would be retrieved by Federal Express on that same day, with fees thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on August 2, 2016 at Los Angeles, California

K. GHALAMBOR
Type or Print Name                                           Signature